*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-343

DECEMBER TERM, 2014

| | |
|---|---|
| In re O.D., Juvenile | APPEALED FROM: |
| | Superior Court, Windham Unit, Family Division |
| | DOCKET NO. 33-3-14 Wmjv |
| | Trial Judge: Katherine A. Hayes |

In the above-entitled cause, the Clerk will enter:

Father appeals the superior court's decision adjudicating his son, O.D., a child in need of care or supervision (CHINS).  Father argues that the court erred in admitting father's criminal history; admitting testimony about O.D.'s actions, which father alleges amount to inadmissible hearsay; and in concluding that O.D. was abused.  We affirm.

O.D. was born in April 2009, and is the eldest of father's three sons.  Following a petition to adjudicate all three boys as CHINS based on physical abuse by father, the court held a contested hearing and made the following factual findings.  At the time of the relevant events, the parents resided separately, and the children lived primarily with mother.  Father has two domestic assault convictions from actions occurring in October 2010 and May 2012.  He also has a conviction for violating an abuse-prevention order.  In December 2013, mother sought father's assistance in caring for the children after her boyfriend died suddenly and she was suffering from depression.  Father would arrive at mother's home in the afternoon, and stay with the boys until bedtime while mother stayed with friends.

On March 26, 2014, the Department for Children and Families (DCF) received a report from O.D.'s childcare provider of suspected child abuse.  A DCF social worker and police detective went to the school to investigate.  The officer observed that O.D. had bruises and abrasions on his forehead and back, which the officer photographed.  They interviewed O.D., who was cooperative during the interview, but "jittery."  O.D. smiled and made eye contact during the interview, but when O.D.'s father was mentioned, O.D. displayed signs of fear and looked down, ducking his head.  The officer asked O.D. to demonstrate how the injuries to his back occurred using an action figure.  In response, O.D. punched the figure and sent it flying across the room.

Police then contacted mother, and she defended father, adamant that father would not engage in abuse and explaining that O.D. was known to lie.  Mother stated that on March 25, 2014, father had provided an explanation for O.D.'s injury.  Father told her that after he disciplined O.D. for being mean to his brother O.D. had injured his head accidentally by slipping

and falling while running on the floor. Mother also explained that the back injuries were the result of O.D. scraping his back against the faucet while in the bathtub a couple of weeks previously.

Police interviewed father, who denied punching or abusing O.D. Father claimed that the injury to the head was caused when O.D. ran across the floor and fell face first. Father stated he did not know the origin of the back injuries.

After father was placed under arrest, mother brought O.D. to the police station. She stated that O.D. was a chronic liar and sought to have O.D. interviewed again. She stated that she was concerned O.D. had been led to say something he did not mean during his interview with police and DCF.

On March 31, 2014, O.D. was examined by a child-abuse-evaluation expert at Dartmouth Hitchcock Medical Center (DHMC). She concluded that the bruise and scrape on O.D.'s forehead were not consistent with O.D. falling on the floor as described by mother and father. She also stated that the bruises on O.D.'s back were not consistent with a tub injury and were more likely caused by abuse because they were not in the area of bony protuberances and did not have abrasions associated with them.

The State filed CHINS petitions alleging that all three of the parties' children were either abused or lacked proper parental care. The matter was contested and a trial was held over two days. At trial, the DHMC expert testified concerning O.D.'s injuries. She explained that his injuries were not themselves proof of abuse, but were consistent with abuse. She recommended that O.D. have a stable safe environment and be provided with counseling.

The court found by a preponderance of the evidence that father had abused O.D. on or about March 25, 2014. The court explained that it did not find father's account of O.D.'s head injury credible. The court credited the testimony of the medical expert that O.D.'s injuries were not consistent with the mechanism of injury described by mother and father. The court thus found that the bruise and scrape on O.D.'s forehead were caused by physical injury by father. The court concluded that the State had failed to demonstrate, however, that O.D.'s brothers were also CHINS. Father appeals.

On appeal, father argues that his criminal record was improperly admitted at the CHINS proceeding. The State moved to admit certified records of father's convictions for violating an abuse-prevention order, domestic assault, and aggravated domestic assault. Father's attorney affirmatively stated that she had no objection to admission of the domestic-assault convictions. There was an objection to admission of the conviction for violating the abuse-prevention order, on the ground that there was no prior testimony on the subject. The court admitted all three, explaining that they were certified court records and did not require any additional foundation. On appeal, father argues that his prior convictions were not admissible under Vermont Rule of Evidence 404 or 403.

We conclude that father's objections were not properly preserved. First of all, father assented to admission of the two domestic-assault convictions. Second, father's objection to the abuse-prevention-order conviction was limited to the foundation provided for the document.

Father did not raise any objection to the convictions based on either Rule 404 or 403. Therefore, this argument was waived, and we do not address it on appeal. Sundstrom v. Sundstrom, 2004 VT 106, ¶ 21, 177 Vt. 577 (mem.) (explaining that to preserve an issue for appeal, party must "present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it" (quotation omitted)).

Father also argues that the court erred in admitting hearsay statements of O.D. on three occasions during the testimony of the police detective, who interviewed O.D. at his daycare facility. First, the officer testified that after he questioned O.D. about the bruise on his forehead, he asked whether O.D. had "any other boo-boos." The officer then described that O.D. pointed out marks on his body and lifted his shirt to show his back. Second, the officer described how O.D. showed signs of fear in response to questions about discipline and father. The final instance occurred when the officer testified that during his interview of O.D. he asked O.D. to demonstrate the source of the bruises on O.D.'s back using an action figure. He testified that O.D. put the action figure on the table, held up a fist and hit it hard twice, sending it across the table.

Father claims that the officer's description of O.D.'s actions—showing his bruises, becoming inward and punching the action figure—were all inadmissible hearsay. To properly preserve an argument for appeal, a timely objection to the admission of evidence must be made. V.R.E. 103(a)(1). Here, father failed to timely object to admission of the first two statements described above.

As to the O.D.'s demonstration with the action figure, there was no objection at the time the statement was made, but later during the detective's testimony, mother's attorney moved to strike the detective's statement describing O.D.'s actions. The court stated that the objection was not timely, and that even if it had been made in a timely fashion, it would not have been sustained because O.D.'s demonstration did not respond to a discernible question from the detective—it was merely an act, not a statement, so the detective's testimony about that demonstration could not constitute hearsay.

We conclude that father's objection to the Detective's testimony concerning O.D.'s nonverbal response during questioning about how his back was injured was untimely, but address the merits because the State has conceded that the demonstrative act was inadmissible hearsay. Father argues that O.D.'s nonverbal statement was the only evidence admitted at trial that father had caused the injuries to O.D., and was therefore highly prejudicial.

Given the trial court's findings, we disagree. First, the question to O.D. that elicited the demonstrative act of punching the action figure related to the injuries on his back, not the injury on his forehead. The trial court did not conclude that father, or anyone for that matter, had caused the injuries to O.D.'s back, concluding that the injuries themselves were not proof of abuse. Second, the trial court's explanation of its conclusion that father had abused O.D. by disciplining him too roughly and causing the bruise and scrape on his forehead made no mention of the offending testimony. Instead, the trial court found that the child-abuse-evaluation expert had testified credibly that the bruise and scrape on O.D.'s forehead were not consistent with the mechanism of injury described by mother and father. The court relied on its findings that the injury occurred while the child was in father's care and that father's explanation of the

3

mechanism of injury was not credible to support its conclusion that father had abused O.D. Reviewing the record, we cannot conclude that the offending testimony materially affected the trial court's analysis.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice